UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SAMUEL DAVIS, JR., Petitioner, v. SHERIFF, Respondent. | CAUSE NO. 3:26cv515 DRL-SJF |

OPINION AND ORDER

Samuel Davis, Jr., a prisoner without a lawyer, filed a habeas petition challenging the revocation of his probation under Case No. 43D03-2406-CM-764. Following a plea agreement, on April 27, 2026, the Kosciusko Superior Court sentenced him to 155 days of incarceration at the Kosciusko County Jail. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The court can grant habeas relief under Section 2254 only if the petitioner is in custody pursuant to a state court judgment in violation of federal law. 28 U.S.C. § 2254(a). Notably, on July 20, 2026, Mr. Davis notified the court that he had been released from the Kosciusko County Jail, which implies that he is no longer in custody pursuant to his probation revocation. ECF 5.

Further, it does not appear that Mr. Davis has asserted any viable habeas claims. In Ground 1, he asserts a claim of First Amendment retaliation, alleging that the jail commander has instructed the jail officers to refrain from making him copies, has read

his legal mail, and has refused to allow Mr. Davis to send mail. Jail staff have also tampered with his food and prevented him from filing a timely federal complaint. These allegations do not relate to the fact or duration of Mr. Davis' detention; instead they relate to his conditions of confinement, which he cannot challenge in a habeas case. *See Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003) (observing that "[c]hallenges to conditions of confinement . . . fall under [42 U.S.C.] § 1983," whereas "[a]ttacks on the fact or duration of the confinement" fall under the federal habeas statute). In Grounds 2 and 3, he asserts violations of the Fourth and Fourteenth Amendments without any factual allegations to support it. Consequently, the court finds that the petition does not state any valid habeas claims.

Additionally, it appears that Mr. Davis' claims are procedurally defaulted. Before considering the merits of a habeas corpus petition, the court must ensure that the petitioner has presented his claims "through one complete round of State-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.*

According to the petition, Mr. Davis has never presented his claims in state court. Further, he did not file a notice of appeal or motion to correct error within thirty days of the probation revocation, so the time to appeal it has now expired. *See Cooper v. State*, 917 N.E.2d 667, 672 (Ind. 2009) ("A defendant must either file a notice of appeal or a motion

to correct error within thirty days after a final appealable order is issued."); Ind. Code § 35-38-2-3(l) ("A judgment revoking probation is a final appealable order."). Therefore, it appears that Mr. Davis' claims are procedurally defaulted, which would generally bar him from obtaining habeas relief. Though Mr. Davis references suffering from glaucoma and lack of appointed appellate counsel, it is unclear how this would have prevented him from properly exhausting his state court remedies given that he has filed this habeas petition and also filed motions in probation revocation proceedings without assistance of counsel. *See also Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973) (right to appointed counsel in probation revocation proceedings assessed on a case-by-case approach).

In sum, the court is inclined to dismiss this case because Mr. Davis is no longer in custody pursuant to his probation revocation, because the petition contains no valid habeas claims, and because it appears that any claims challenging the revocation are procedurally defaulted. However, in an abundance of caution, the court will grant Mr. Davis an opportunity to file an amended petition that addresses the court's concerns rather than immediately dismissing this case. However, Mr. Davis should only file an amended petition if he believes he can sufficiently address the deficiencies in this order. If he chooses to file an amended petition, he should use the court's preferred form (available on the court's website) and must put the case number assigned to this case on it, which is on the first page of this order. The amended petition must also be complete in and of itself without seeking to incorporate prior petitions.

For these reasons, the court:

(1) GRANTS Samuel Davis, Jr., until September 30, 2026, to file an amended habeas petition consistent with this Order;

(2) CAUTIONS Samuel Davis, Jr., that, if he does not respond by this deadline, the court will dismiss this case without further notice; and

(3) GRANTS the motion for leave to proceed *in forma pauperis* (ECF 4).

SO ORDERED.

August 31, 2026

*s/ Damon R. Leichty*
Judge, United States District Court